

FILED
DISTRICT COURT OF GUAM
MAY -4 2007
MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| BANK OF GUAM, a Guam banking corporation,<br><br>        Plaintiff,<br><br>vs.<br><br>BANK OF HAWAII, a Hawaii banking corporation,<br><br>        Defendant. | CIVIL CASE NO. 07-00007<br><br>DECLARATION OF BRIAN S. ISHIKAWA |

## DECLARATION OF BRIAN S. ISHIKAWA

I, BRIAN S. ISHIKAWA, hereby declare the following:

1. I am a Vice President and Director of Security for Bank of Hawaii and I make this declaration based upon my investigation related to the dispute in the above-captioned suit.

2. On Thursday, October 12, 2006, between 11:06 a.m. and 1:19 p.m. (Guam), I conducted an interview of Teofista F. Dulay at the Federal Bureau of Investigation (FBI) office located at Suite 402, 400 Route 8, Mongmong, Guam.

3. At the interview, Teofista F. Dulay voluntarily stated under oath that:

    a. She worked as the Controller for Information & Data Services (IDS) from June 1, 1999 until her resignation on Monday night, October 9, 2006.

    b. There was a check kiting scheme involving IDS, whereby IDS was submitting bank transactions on uncollected funds or negative balances between Bank of Guam and Bank of Hawaii accounts. Ms. Dulay stated that this practice had been occurring prior to her

ORIGINAL

employment at IDS, with IDS President Romy Miclat as the mastermind and his brother, Gil Miclat (also an IDS employee), as an active participant in the scheme.

      c.      The majority of the kited funds went to Romy Miclat and to IDS related businesses including ACIP, Compubiz, Juco Holdings, Inc., and Famcor.

      d.      In August, 2006, a Bank of Guam representative, Josephine Mariano, called IDS stating that Bank of Guam was concerned with IDS's banking activity and requested a meeting with Romy Miclat to discuss the matter. The meeting did not get set up due to Romy Miclat's unavailability.

      e.      In September, 2006, Ms. Mariano contacted IDS to again request a meeting to discuss suspicious activity related to IDS's banking activity. As Romy Miclat was unavailable, Ms. Mariano scheduled a meeting with Ms. Dulay and Gil Miclat but the meeting did not take place because Ms. Mariano said that she needed to fly to Palau for last minute business.

      f.      On Tuesday, October 3, 2006, Ms. Mariano attempted again to meet with Romy Miclat but he was unavailable. Ms. Mariano then demanded a meeting with Ms. Dulay and Gil Miclat at IDS's offices. At the meeting on October 3, 2006, Ms. Mariano stated Bank of Guam had detected suspicious activity on the part of IDS and IDS would not be allowed to continue bank transactions with checks and ACH debits to and from Bank of Hawaii.

4.      On Thursday, October 5, 2006 at approximately 6:45 p.m. Hawaii Time (Friday, October 6, 2006, 2:45 p.m. Guam Time), I spoke to Romy Miclat and his attorney, Rawlen Mantanona on the telephone.

5.      When I asked Mr. Miclat what he thought had happened, whether he had suspicions as to what happened, and whether his company was investigating the shortfalls,

Mr. Mantanona stated that he was not going to let his client, Mr. Miclat, respond to my questions because the answers might implicate him, his co-workers and IDS in a fraud scheme and therefore, his client would exercise his rights under the 5th Amendment in response to any such questions.

    I declare under penalty of perjury that the foregoing is true and correct.

Executed this 30th day of April, 2007 at Honolulu, Hawaii.

                                                    BRIAN S. ISHIKAWA