CARLSMITH BALL LLP

ELYZE J. MCDONALD
MEREDITH M. SAYRE
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. 671.472.6813
Fax No. 671.477.4375

Attorneys for Defendant
BANK OF HAWAII

FILED
DISTRICT COURT OF GUAM
JUN 25 2007
MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

BANK OF GUAM, a Guam banking corporation,

Plaintiff,

vs.

BANK OF HAWAII, a Hawaii banking corporation,

Defendant.

CIVIL CASE NO. 07-00007

**MUTUAL STATEMENT REGARDING DISAGREEMENT OF SCHEDULING ORDER; DECLARATION OF SERVICE**

Pursuant to Local Rule 16.2(b), undersigned counsel submit two attached proposed Scheduling Orders, one prepared by Plaintiff Bank of Guam (Exhibit 1) and one prepared by Defendant Bank of Hawaii (Exhibit 2). As of the time of the preparation of this statement, the parties were unable to reach an agreement as to the proposed dates of a joint Scheduling Order, despite good faith efforts to do so.

ORIGINAL

DATED: Hagåtña, Guam, June 25, 2007.

CARLSMITH BALL LLP

ELYZE J. MCDONALD
Attorneys for Defendant
BANK OF HAWAII

DATED: Hagåtña, Guam, June 25, 2007.

ARRIOLA COWAN & ARRIOLA

ANITA ARRIOLA
Attorneys for Plaintiff
BANK OF GUAM

## DECLARATION OF SERVICE

I, Elyze J. McDonald, hereby declare under penalty of perjury of the laws of the United States, that on June 25, 2007, I caused to be served, via hand delivery, a true and correct copy of MUTUAL STATEMENT REGARDING DISAGREEMENT OF SCHEDULING ORDER; DECLARATION OF SERVICE upon Plaintiff's counsel of record as follows:

ANITA P. ARRIOLA, ESQ.
JOAQUIN C. ARRIOLA, ESQ.
MARK E. COWAN, ESQ.
Arriola, Cowan & Arriola
259 Martyr Street, Suite 201
Hagåtña, Guam 96910

**Attorneys for Plaintiff**
**BANK OF GUAM**

Executed this 25th day of June, 2007 at Hagåtña, Guam.

ELYZE J. MCDONALD

# EXHIBIT

# "1"

**ANITA P. ARRIOLA**
**JOAQUIN C. ARRIOLA**
**MARK E. COWAN**
**ARRIOLA, COWAN & ARRIOLA**
259 MARTYR STREET, SUITE 201
AGANA, GUAM 96910
Telephone: (671) 477-9731/33
Facsimile: (671) 477-9734

Attorneys for Plaintiff Bank of Guam

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE TERRITORY OF GUAM**

| | |
|---|---|
| BANK OF GUAM, a Guam banking corporation, Plaintiff, vs. BANK OF HAWAII, a Hawaii banking corporation, Defendant. | CIVIL CASE NO. 07-00007<br><br>**PLAINTIFF BANK OF GUAM'S [PROPOSED] SCHEDULING ORDER AND DISCOVERY PLAN** |

Pursuant to Rules 16 and 26(f) of the Federal Rules of Civil Procedure, and Local Rules 16.1 and 16.2 for the District Court of Guam, plaintiff Bank of Guam hereby submits the following Proposed Scheduling Order and Discovery Plan:

**The nature of the case is as follows:**

On May 11, 2007, Plaintiff Bank of Guam ("BOG") filed a complaint against defendant Bank of Hawaii ("BOH") for breach of warranties, fraud and misrepresentation, unjust enrichment, conversion, indemnification and punitive damages. BOG alleges that BOH engaged in a scheme to utilize the automated clearing house ("ACH") network, which is used to provide electronic funds transfers, to return several transaction items from joint customers of the banks.



ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

BOG further alleges that BOH knew that if it returned these transaction items, the ACH network would automatically take the amounts for those items from the Bank and credit such sums to BOH. BOG alleges that BOH knew that by fraudulently using the ACH network in this manner, BOG would suffer substantial losses. BOH has not yet answered the Complaint or filed counterclaims in this action, but denies all of Plaintiff's allegations and claims for relief.

Two weeks prior to the filing of BOG's complaint, BOH filed a complaint for declaratory and compensatory relief in the United States District Court for the District of Hawaii alleging (upon information and belief), *inter alia*, that BOG initiated ACH transactions that it knew, or with the exercise of reasonable diligence, should have known, were improper due to an illegal and fraudulent check-kiting scheme and, in so doing, breached its obligations to BOH. The Hawaii action arises out of and/or relates to the same transactions and occurrences as this Guam case.

2. **The posture of the case is as follows:**

(a) The following motion is on file in this Guam case: BOH filed a motion to dismiss or stay complaint, or in the alternative, motion to transfer venue, on May 1, 2007. The Guam motion to dismiss will be heard on August 10, 2007. In addition, in the Hawaii case, BOG filed a motion to dismiss for lack of jurisdiction and venue or transfer venue, on April 23, 2007. The Hawaii motion to dismiss will be heard on July 2, 2007.

(b) The parties have met and conferred as required by the Rules of Court. It is anticipated that further "meet and confer" events will assist in the efficient and cost-effective management of this case.

(c) The following motions have been resolved: None.

(d) The following discovery has been initiated: None. **<u>The parties will exchange</u>**

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

**initial disclosures as required by F.R.C.P. 26(a)(1)(E), within fourteen days after the Rule 26(f) conference.**

3. All motions to add parties and claims shall be filed on or before: **December 3, 2007.**

4. All motions to amend pleadings shall be filed on or before: **December 3, 2007.**

5. **Status of Discovery**:

The Discovery Plan is incorporated as part of this Scheduling Order as follows:

(a) **The parties will exchange initial disclosures as required by F.R.C.P. 26(a)(1)(E), within fourteen days after the Rule 26(f) conference.**

(b) In addition to other required disclosures, the parties' initial disclosures shall include: all sources and locations of electronically stored information ("ESI") that are likely to be discoverable, including the number, types and location of networks, servers, computers, cell phones, PDAs and personal computers, names and versions of operating systems, e-mail and other applications software used by the parties, identifying all vendors and users (including employees and any third parties) who have or may have generated email or other ESI, file, disk or tape labeling conventions, backup and archival disk or tape inventories, schedules and procedures, retention and destruction policies and procedures, including the litigation hold document(s) applicable to this case. Within **five** calendar days of the exchange of this information, the parties will again meet and confer to discuss the timing of e-discovery, the search methodology, format(s), issues of limited accessibility, handling of ESI (and other materials) that is privileged, protected work product, proprietary or confidential, and the identification of an e-discovery liaison for each party, who is familiar with the party's electronic systems and capabilities, who will

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

be responsible for organizing each party's e-discovery efforts, and who is prepared to work with counsel to facilitate the e-discovery process.

(a) The following is a description and schedule of all pretrial discovery each party intends to initiate prior to the close of discovery:

**Commencing immediately upon the exchange of the initial disclosures**, each party will propound interrogatories and requests to produce and request for admissions within the limits set by the Local Rules and the Federal Rules of Civil Procedure. In addition, each party may propound additional interrogatories **not to exceed twenty-five (25) in number, including subparts,** related to electronic information systems, IT staffing, internet access and usage, software, backup systems, e-mail, telephony, remote access and work-at-home issues, which shall not be counted within Rule 33(a)'s initial limitation on the number of interrogatories, provided that such interrogatories are reasonably calculated to lead to admissible evidence and are not unduly burdensome.

If either party determines that it needs to propound more discovery than permitted by the Rules, as modified by the foregoing, the parties will confer in good faith to accommodate reasonable discovery requests.

**The parties anticipate taking the depositions of at least ten individuals each, for a total of twenty (20) depositions**. Included in this list are the parties themselves and individuals who have information or knowledge about the facts and circumstances of the case. It is possible that the parties may request leave of court to allow the depositions of additional individuals.

6. The parties shall appear before the District Court on **July 10, 2007 at 10 a.m.** for the Scheduling Conference.

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

7. The parties shall exchange disclosures of expert testimony, including a Fed. R. Civ. P. 26(a)(2)(B) report from each expert by **February 1, 2008**. Any rebuttal reports shall be exchanged by **February 22, 2008**.

8. The discovery cut-off date defined as the last day to file responses to discovery is: **January 25, 2008.**

9. The anticipated discovery motions are: None are known at this time. The parties anticipate that they will meet in good faith to resolve discovery disputes prior to filing any discovery motions. All discovery motions shall be filed on or before: **January 30, 2008**.

10. The anticipated dispositive motions are: None are known at this time. All dispositive motions shall be filed on or before **February 25, 2008**.

11. The prospects for settlement are uncertain.

12. The Preliminary Pretrial Conference shall be held on: **March 4, 2008.**

13. The parties' pretrial materials, discovery material, witness lists, designations and exhibit lists shall be filed on or before: **March 11, 2008.**

14. The Proposed Pretrial Order shall be filed on or before: **March 11, 2008.**

15. The Final Pretrial Conference shall be held on: **March 18, 2008.**

16. The trial shall be held on: **March 25, 2008 at 9:30 a.m.**

17. The trial is a jury trial.

18. It is anticipated that it will take ten (10) days to try this case.

19. The names of counsel in this case are:

**Counsel for Plaintiff Bank of Guam:**

Anita P. Arriola
Joaquin C. Arriola
Jacqueline T. Terlaje
Arriola, Cowan & Arriola

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

259 Martyr Street, Suite 401
Hagatna, Guam 96910
Telephone: (671) 477-9730
Facsimile: (671) 477-9734

**Counsel for Plaintiff Bank of Hawaii:**

Meredith Sayre
Elyze J. McDonald
Carlsmith Ball LLP
Bank of Hawaii Bldg., Suite 401
134 W. Soledad Avenue
Hagatna, Guam 96910
Telephone: (671) 472-6813
Facsimile: (671) 477-4375

Katherine G. Leonard
Carlsmith Ball LLP
ASB Tower, Suite 2200
1001 Bishop Street
Honolulu, Hawaii 96813
Telephone: (808) 523-2500
Facsimile: (808) 523-0842

20. The parties are amenable to submitting this case to a settlement conference early in the litigation.

21. The parties present the following suggestions for shortening trial: The parties anticipate that they will stipulate to the admissibility of many key documents and that they may stipulate to some of the facts in the case. In addition, some of the persons Plaintiff will call as witnesses at trial may also be called by Defendant.

22. The following issues will also affect the status or management of the case: Both parties anticipate that the witnesses may be divided among each of its trial counsel for examination and cross-examination, resulting in a more efficient and streamlined trial.

Dated this __ day of ___, 2007.

**HONORABLE FRANCIS TYDINGCO-GATEWOOD**
**Chief Judge, District Court of Guam**

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

Case 1:07-cv-00007 Document 17 Filed 06/25/2007 Page 10 of 19

SUBMITTED BY:

**ARRIOLA, COWAN & ARRIOLA**

BY: ______________________
**ANITA P. ARRIOLA**
Attorneys for Plaintiff Bank of Guam

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

# EXHIBIT

# "2"

CARLSMITH BALL LLP

ELYZE J. MCDONALD
MEREDITH M. SAYRE
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. 671.472.6813
Fax No. 671.477.4375

Attorneys for Defendant
Bank of Hawaii

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| BANK OF GUAM, a Guam banking corporation,<br><br>Plaintiff,<br><br>vs.<br><br>BANK OF HAWAII, a Hawaii banking corporation,<br><br>Defendant. | CIVIL CASE NO. 07-00007<br><br>**[PROPOSED] SCHEDULING ORDER AND DISCOVERY PLAN** |

Pursuant to Rules 16 and 26(f) of the Federal Rules of Civil Procedure, and Local Rules 16.1 and 16.2 for the District Court of Guam, the parties hereby submit the following Proposed Scheduling Order and Discovery Plan:

1. **The nature of the case is as follows**:

On May 11, 2007, Plaintiff Bank of Guam ("BOG") filed a complaint against defendant Bank of Hawaii ("BOH") for breach of warranties, fraud and misrepresentation, unjust

enrichment, conversion, indemnification and punitive damages. BOG alleges that BOH engaged in a scheme to utilize the automated clearing house ("ACH") network, which is used to provide electronic funds transfers, to return several transaction items from joint customers of the banks. BOG further alleges that BOH knew that if it returned these transaction items, the ACH network would automatically take the amounts for those items from the Bank and credit such sums to BOH. BOG alleges that BOH knew that by fraudulently using the ACH network in this manner, BOG would suffer substantial losses. BOH has not yet answered the Complaint or filed counterclaims in this action, but denies all of Plaintiff's allegations and claims for relief.

Two weeks prior to the filing of BOG's complaint, BOH filed a complaint for declaratory and compensatory relief in the United States District Court for the District of Hawaii alleging (upon information and belief), *inter alia*, that BOG initiated ACH transactions that it knew, or with the exercise of reasonable diligence, should have known, were improper due to an illegal and fraudulent check-kiting scheme and, in so doing, breached its obligations to BOH. The Hawaii action arises out of and/or relates to the same transactions and occurrences as this Guam case.

2. **The posture of the case is as follows:**

(a) The following motion is on file in this Guam case: BOH filed a motion to dismiss or stay complaint, or in the alternative, motion to transfer venue, on May 1, 2007. The Guam motion to dismiss will be heard on August 10, 2007. In addition, in the Hawaii case, BOG filed a motion to dismiss for lack of jurisdiction and venue or transfer venue, on April 23, 2007. The Hawaii motion to dismiss will be heard on July 2, 2007.

(b) The parties have met and conferred as required by the Rules of Court. It is anticipated that further "meet and confer" events will assist in the efficient and cost-effective management of this case.

(c) The following motions have been resolved: None.

(d) The following discovery has been initiated: None. The parties will exchanged initial disclosures as required by L.R. 16.7, within ten calendar days after the entry of an order dismissing or transferring either the Hawaii case or the Guam case, or the next business day thereafter if the tenth day falls on a weekend or holiday.

3. All motions to add parties and claims shall be filed on or before: **March 1, 2008**.

4. All motions to amend pleadings shall be filed on or before: **June 1, 2008.**

5. **Status of Discovery**:

The Discovery Plan is incorporated as part of this Scheduling Order as follows:

(a) The parties will make the initial disclosures as required by L.R. 16.7, within ten calendar days after the entry of an order dismissing or transferring either the Hawaii case or the Guam case, or the next business day thereafter if the tenth day falls on a weekend or holiday.

(b) In addition to other required disclosures, the parties' initial disclosures shall include: all sources and locations of electronically stored information ("ESI") that are likely to be discoverable, including the number, types and location of networks, servers, computers, cell phones, PDAs and personal computers, names and versions of operating systems, e-mail and other applications software used by the parties, identifying all vendors and users (including employees and any third parties) who have or may have generated email or other ESI, file, disk or tape

labeling conventions, backup and archival disk or tape inventories, schedules and procedures, retention and destruction policies and procedures, including the litigation hold document(s) applicable to this case. Within five business days of the exchange of this information, the parties will again meet and confer to discuss the timing of e-discovery, the search methodology, format(s), issues of limited accessibility, handling of ESI (and other materials) that is privileged, protected work product, proprietary or confidential, and the identification of an e-discovery liaison for each party, who is familiar with the party's electronic systems and capabilities, who will be responsible for organizing each party's e-discovery efforts, and who is prepared to work with counsel to facilitate the e-discovery process.

(c) The following is a description and schedule of all pretrial discovery each party intends to initiate prior to the close of discovery:

Commencing immediately after the completion of the initial disclosures process described in (b) above, each party will propound interrogatories and requests to produce and request for admissions within the limits set by the Local Rules and the Federal Rules of Civil Procedure. In addition, each party may propound additional interrogatories related to electronic information systems, IT staffing, internet access and usage, software, backup systems, e-mail, telephony, remote access and work-at-home issues, which shall not be counted within Rule 33(a)'s initial limitation on the number of interrogatories, provided that such interrogatories are reasonably calculated to lead to admissible evidence and are not unduly burdensome.

If either party determines that it needs to propound more discovery than permitted by the Rules, as modified by the foregoing, the parties will confer in good faith to accommodate reasonable discovery requests.

The parties anticipate taking the depositions of at least ten (10) individuals each. Included in this list are the parties themselves and individuals who have information or knowledge about the facts and circumstances of the case. It is possible that the parties may request leave of court to allow the depositions of additional individuals.

6. The parties shall appear before the District Court on **July 10, 2007 at 10 a.m.** for the Scheduling Conference.

7. The parties shall exchange disclosures of expert testimony, including a Fed. R. Civ. P. 26(a)(2)(B) report from each expert by **July 15, 2008**. Any rebuttal reports shall be exchanged by **August 15, 2008.**

8. The discovery cut-off date defined as the last day to file responses to discovery is: **September 1, 2008.**

9. The anticipated discovery motions are: None are known at this time. The parties anticipate that they will meet in good faith to resolve discovery disputes prior to filing any discovery motions. All discovery motions shall be filed on or before: **September 15, 2008**.

10. The anticipated dispositive motions are: None are known at this time. All dispositive motions shall be filed on or before **October 13, 2008**.

11. The prospects for settlement are: Settlement prospects are uncertain. Initial discussions were unsuccessful.

12. The Preliminary Pretrial Conference shall be held on: **December 23, 2008.**

13. The parties' pretrial materials, discovery material, witness lists, designations and exhibit lists shall be filed on or before: **December 30, 2008.**

14. The Proposed Pretrial Order shall be filed on or before: **December 30, 2008.**

15. The Final Pretrial Conference shall be held on: **January 6, 2009.**

16. The trial shall be held on: **January 13, 2009**.

17. The trial is a jury trial.

18. It is anticipated that it will take ten (10) days to try this case.

19. The names of counsel in this case are:

**Counsel for Plaintiff Bank of Guam:**

Anita P. Arriola

Joaquin C. Arriola

Jacqueline T. Terlaje

**Counsel for Plaintiff Bank of Hawaii**:

Meredith Sayre

Elyze J. McDonald

Katherine G. Leonard

20. The parties are amenable to submitting this case to a settlement conference early in the litigation.

21. The parties present the following suggestions for shortening trial: The parties anticipate that they will stipulate to the admissibility of many key documents and that they may stipulate to some of the facts in the case. In addition, some of the persons Plaintiff will call as witnesses at trial may also be called by Defendant.

22. The following issues will also affect the status or management of the case: Both parties anticipate that the witnesses may be divided among each of its trial counsel for examination and cross-examination, resulting in a more efficient and streamlined trial.

DATED:____________________.

**HONORABLE FRANCIS TYDINGCO-GATEWOOD**
**Chief Judge, District Court of Guam**

APPROVED AS TO FORM AND CONTENT:

ARRIOLA, COWAN & ARRIOLA

______________________________

ANITA P. ARRIOLA
Attorneys for Plaintiff Bank of Guam

CARLSMITH BALL LLP

______________________________

ELYZE J. MCDONALD
MEREDITH M. SAYRE
Attorneys for Defendant Bank of Hawaii

4839-1380-0961.1.010028-02707