CARLSMITH BALL LLP

KATHERINE G. LEONARD
 *(Admitted Pro Hac Vice)*
MEREDITH M. SAYRE
ELYZE J. MCDONALD
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. 671.472.6813

Attorneys for Defendant
BANK OF HAWAII



**FILED**
DISTRICT COURT OF GUAM
JUL 26 2007
MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| BANK OF GUAM, a Guam banking corporation,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>BANK OF HAWAII, a Hawaii banking corporation,<br><br>　　　　Defendant. | CIVIL CASE NO. 07-00007<br><br>**DEFENDANT BANK OF HAWAII'S ANSWER TO COMPLAINT FOR DAMAGES FILED APRIL 11, 2007; DECLARATION OF SERVICE** |
| BANK OF HAWAII, a Hawaii banking corporation,<br><br>　　　　Counterclaimant,<br><br>vs.<br><br>BANK OF GUAM, a Guam banking corporation,<br><br>　　　　Counterclaim-Defendant. | |

## DEFENDANT BANK OF HAWAII'S ANSWER
## TO COMPLAINT FILED MAY 1, 2007

Defendant BANK OF HAWAII ("BOH" or "Defendant"), by and through its attorneys, Carlsmith Ball LLP, hereby answers Bank of Guam's ("BOG's" or "Plaintiff's") Complaint for Damages filed herein on April 11, 2007 (the "Complaint"), as follows:

1. BOH admits the allegations set forth in paragraphs 1, 2, 3, and 4 of the Complaint.

2. In response to paragraph 5 of the Complaint, BOH admits that Jale Management Information and Data Services, Inc., dba Information and Data Services ("IDS") is a Guam corporation that at one time provided payroll services to various customers in Guam. BOH is without sufficient information to form a belief as to the truth or falsity of whether IDS currently provides such services and therefore denies the remaining allegations of paragraph 5.

3. In response to paragraph 6 of the Complaint, BOH admits that IDS was an account holder at both BOH and BOG. BOH is without sufficient information to form a belief as to the truth or falsity of the remaining allegations of paragraph 6 and therefore denies them.

4. In response to paragraph 7 of the Complaint, BOH admits that IDS engaged in transactions involving its accounts at BOG and BOH through the use of checks and automated clearinghouse ("ACH") transactions. BOH is without sufficient information to form a belief as to the truth or falsity of the remaining allegations of paragraph 7 and therefore denies them.

5. BOH admits the allegations set forth in paragraphs 8 and 9.

6. In response to paragraph 10 of the Complaint, BOH admits that on or about September 28, 2006, IDS initiated certain ACH debit transactions, totaling $754,635.45, that BOG acted as IDS' Originating Depository Financial Institution ("ODFI") and originated

Page 2 of 13
4836-1699-3281.5.010028-02707
Case 1:07-cv-00007   Document 25   Filed 07/26/2007   Page 2 of 14

such transactions, and that BOH, in its capacity as a Receiving Depository Financial Institution ("RDFI"), received entries for such transactions through the ACH system on or about September 29, 2006. BOH denies the remaining allegations of paragraph 10.

7. In response to paragraph 11 of the Complaint, BOH admits that on or about September 29, 2006, IDS initiated certain ACH debit transactions, totaling $751,001.15, that BOG acted as IDS' ODFI and originated such transactions, and that BOH, in its capacity as an RDFI, received entries for such transactions through the ACH system on or about October 2, 2006. BOH denies the remaining allegations of paragraph 11.

8. In response to paragraph 12 of the Complaint, BOH admits that on or about October 2, 2006, IDS initiated certain ACH debit transactions, totaling $768,269.99, that BOG acted as IDS' ODFI and originated such transactions, and that BOH, in its capacity as an RDFI, received entries for such transactions through the ACH system on or about October 3, 2006. BOH denies the remaining allegations of paragraph 12.

9. In response to paragraph 13 of the Complaint, BOH admits that the transactions referenced in paragraphs 6-8 above total $2,273,905.59 (the "IDS Transactions") BOH denies the remaining allegations of paragraph 13.

10. In response to paragraph 14 of the Complaint, BOH denies that it did not return the IDS transactions. BOH is without sufficient information to form a belief as to the truth or falsity of the remaining allegations of paragraph 14 and therefore denies them.

11. In response to paragraph 15 of the Complaint, BOH is informed and on that basis believes that, on or about October 3 and 5, 2006, officials of BOG met with one or more officers of IDS and notified IDS that BOG had detected suspicious activity on the part of IDS concerning its check and ACH transactions with BOG and BOH. BOH avers that on

October 5, 2006, BOG first advised BOH of IDS' check kiting scheme. BOH otherwise denies the allegations of paragraph 15.

12. BOH denies the allegations of paragraph 16 of the Complaint.

13. In response to paragraph 17 of the Complaint, BOH admits that the IDS Transactions were returned by BOH on October 13, 2006, with an R07 Return Code, and that, as a result, the debit entries to IDS' account at BOH were returned through the ACH system to the ODFI, BOG. BOH denies any alleged fraudulent scheme. BOH is without sufficient information to form a belief as to the truth or falsity of the remaining allegations of paragraph 17 and therefore denies them.

14. BOH admits the allegations set forth in paragraph 18 of the Complaint.

15. In response to paragraphs 19 and 20 of the Complaint, BOH submits that such paragraphs do not include any factual allegations susceptible to being admitted or denied. To the extent that paragraphs 18 and 19 of the Complaint reference excerpts from the ACH Rules, those rules speak for themselves. BOH disputes any legal conclusions set forth in paragraphs 19 and 20.

16. In response to paragraph 21 of the Complaint, BOH admits that on or about October 16, 2006, Josephine Mariano of BOG and James Polk of BOH discussed various issues related to the dispute at issue in this case. BOH disputes BOG's characterization of matters related to that discussion and therefore denies the related allegations. BOH is without sufficient information to form a belief as to the truth or falsity of the remaining allegations of paragraph 21 and therefore denies them.

17. BOH admits the allegations set forth in paragraph 22 of the Complaint.

18. BOH denies the allegations set forth in paragraph 23 of the Complaint.

4836-1699-3281.5.010028-02707

19. In response to paragraph 24 of the Complaint, BOH admits that BOG filed Reports of Possible Rules Violations with NACHA, in Herndon, Virginia, alleging that BOH improperly executed the returns under the ACH Rules. BOH otherwise denies the allegations of paragraph 24.

20. In response to paragraph 25 of the Complaint, BOH admits that a NACHA panel determined that BOH violated the ACH Rules because the Affidavit submitted in support of the return code used to return the IDS Transactions did not comply with the technical rule requirements for a written statement under penalty of perjury ("Statement"). BOH is without sufficient information to form a belief as to the truth or falsity of when BOG received a copy of the NACHA panel's decision and therefore denies that allegation.

21. In response to paragraph 26 of the Complaint, BOH admits that, at various times, BOG has demanded payment in the full amount of the IDS Transactions and that BOH has refused to make such payments.

22. BOH is without sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 27 and therefore denies them.

23. BOH is without sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 28 and therefore denies them.

24. In response to paragraphs 29 and 30 of the Complaint, BOH admits that on or about October 4 and 5, 2006, IDS initiated certain ACH debit transactions, totaling $109,612.19 (the "GHH and Dewitt Transactions"), that BOG acted as IDS' ODFI and originated such transactions, and that BOH, in its capacity as an RDFI, received entries for such transactions through the ACH system. BOH admits that GHH and Dewitt (as such terms are defined in the Complaint), were the Receivers for the GHH and Dewitt Transactions and

therefore their accounts were debited as a result of the GHH and Dewitt Transactions. BOH denies the remaining allegations of paragraphs 29 and 30.

25. BOH denies the allegations set forth in paragraph 31 of the Complaint.

26. In response to paragraph 32 of the Complaint, BOH admits that on or about October 17, 2006, a Dewitt representative executed and delivered a Statement to BOH. BOH denies the remaining allegations of paragraph 32.

27. In response to paragraph 33 of the Complaint, BOH admits that on or about October 27, 2006, a GHH representative executed and delivered a Statement to BOH. BOH denies the remaining allegations of paragraph 33.

28. In response to paragraphs 34, 35 and 36 of the Complaint, BOH admits that the GHH and Dewitt Transactions were returned by BOH in October 2006, with an R07 Return Code, and that, as a result, the debit entries to GHH's and Dewitt's accounts were returned through the ACH system to the ODFI, BOG. BOH denies any alleged fraudulent intent. BOH is without sufficient information to form a belief as to the truth or falsity of the remaining factual allegations of paragraphs 34, 35 and 36 and therefore denies them. BOH disputes any inferences or legal conclusions set forth in paragraphs 34, 35 and 36.

29. In response to paragraph 37 of the Complaint, BOH admits that the GHH and Dewitt Transactions were returned by BOH and that, as a result, the debit entries were returned through the ACH system to the ODFI, BOG. BOH denies the remaining allegations of paragraph 37.

30. BOH denies the allegations set forth in paragraph 38 of the Complaint.

31. In response to paragraph 39 of the Complaint, BOH admits that BOG filed Reports of Possible Rules Violations with NACHA on or about December 1, 2006. BOH admits

4836-1699-3281.5.010028-02707
Case 1:07-cv-00007    Document 25    Filed 07/26/2007    Page 6 of 14

that, at various times, BOG has demanded payment in the full amount of the GHH and Dewitt Transactions and that BOH has refused to make such payments.

32. In response to paragraph 40 of the Complaint, BOH realleges and incorporates by reference paragraphs 1 through 31 above.

33. In response to paragraphs 41 and 42 of the Complaint, BOH submits that such paragraphs do not include any factual allegations susceptible to being admitted or denied. To the extent that paragraphs 41 and 42 of the Complaint reference excerpts from the ACH Rules, those rules speak for themselves and BOH disputes and denies any inferences or legal conclusions set forth in paragraphs 41 and 42.

34. BOH denies the allegations set forth in paragraphs 43 and 44 of the Complaint.

35. In response to paragraph 45 of the Complaint, BOH realleges and incorporates by reference paragraphs 1 through 34 above.

36. BOH denies the allegations set forth in paragraphs 46 through 50 of the Complaint.

37. In response to paragraph 51 of the Complaint, BOH realleges and incorporates by reference paragraphs 1 through 36 above.

38. BOH is without sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 52 of the Complaint and therefore denies them.

39. BOH denies the allegations set forth in paragraphs 53 through 57 of the Complaint.

40. In response to paragraph 58 of the Complaint, BOH realleges and incorporates by reference paragraphs 1 through 39 above.

41. BOH admits the factual allegations of paragraphs 59, 60 and 61 of the Complaint, but disputes and denies any legal conclusions or inferences set forth therein.

42. BOH denies the allegations set forth in paragraphs 62 through 65 of the Complaint.

43. In response to paragraph 66 of the Complaint, BOH realleges and incorporates by reference paragraphs 1 through 42 above.

44. BOH submits that paragraph 67 of the Complaint does not include any factual allegations susceptible to being admitted or denied. To the extent that paragraph 67 of the Complaint references excerpts from the ACH Rules, those rules speak for themselves. BOH disputes and denies any legal conclusions or inferences set forth in paragraph 67.

45. BOH denies the allegations set forth in paragraphs 68 and 69 of the Complaint.

46. In response to paragraph 70 of the Complaint, BOH realleges and incorporates by reference paragraphs 1 through 45 above.

47. BOH denies the allegations set forth in paragraphs 71 through 75 of the Complaint.

48. In response to paragraph 76 of the Complaint, BOH realleges and incorporates by reference paragraphs 1 through 47 above.

49. BOH is without sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 77 and therefore denies them.

50. BOH denies the allegations set forth in paragraphs 78 through 82 of the Complaint.

51. In response to paragraph 83 of the Complaint, BOH realleges and incorporates by reference paragraphs 1 through 50 above.

52. BOH admits the factual allegations of paragraphs 84, 85 and 86 of the Complaint, but denies any legal conclusions or inferences set forth therein.

53. BOH denies the allegations set forth in paragraphs 87 and 88 of the Complaint.

54. In response to paragraph 89 of the Complaint, BOH admits that, at one or more times, BOG has requested payment in the full amount of the GHH and Dewitt Transactions and that BOH has refused to make such payments. BOH denies the remaining allegations set forth in paragraph 89.

55. BOH denies the allegations set forth in paragraph 90 of the Complaint.

56. In response to paragraph 91 of the Complaint, BOH realleges and incorporates by reference paragraphs 1 through 55 above.

57. To the extent that paragraphs 92 and 93 of the Complaint reference the ACH Rules, those rules speak for themselves. BOH disputes and denies any legal conclusions or inferences set forth in paragraph 67 and otherwise denies the allegations set forth in paragraphs 92 and 93.

58. BOH denies the allegations set forth in paragraph 94 of the Complaint.

59. In response to paragraph 95 of the Complaint, BOH realleges and incorporates by reference paragraphs 1 through 58 above.

60. BOH denies the allegations set forth in paragraphs 96 and 97 of the Complaint.

4836-1699-3281.5.010028-02707

61. BOH denies any and all allegations in the Complaint not specifically admitted herein and denies that Plaintiff is entitled to any of the relief requested in the Complaint.

## FIRST DEFENSE

62. The Complaint fails to state a claim against BOH upon which relief can be granted.

## SECOND DEFENSE

63. BOH asserts that to the extent it was required to perform any duty or discharge any obligation under contract or by operation of law, such duty or obligation has been performed, discharged, excused, or rendered impossible or impracticable to perform as a result of BOG's conduct.

## THIRD DEFENSE

64. BOH's alleged breach of warranty, if any, is excused by BOG's preceding breach of its warranties owed to BOH.

## FOURTH DEFENSE

65. BOH's alleged breach of warranty, if any, is excused by the defense of impossibility.

## FIFTH DEFENSE

66. BOH's alleged breach of warranty, if any, is excused by the defense of impracticability.

## SIXTH DEFENSE

67. BOH is not liable to BOG because BOG breached its duty of good faith and fair dealing owed to BOH.

## SEVENTH DEFENSE

68. BOH is not liable to BOG because BOG failed to comply with all of the terms and conditions of the contract upon which the BOG's action is based.

## EIGHTH DEFENSE

69. BOH asserts that the causes of action in the Complaint against it are barred, precluded, and stopped in whole or in part, because of the conduct of BOG and its agents, employees, and representatives; BOG has waived its rights, if any.

## NINTH DEFENSE

70. BOG is barred from maintaining this action against BOH based upon the doctrine of estoppel.

## TENTH DEFENSE

71. BOG should be denied any equitable relief herein based on the doctrine of unclean hands.

## ELEVENTH DEFENSE

72. BOG's recovery, if any, should be barred by BOH's right to set off or offset.

## TWELFTH DEFENSE

73. BOG's recovery in this action, if any, should be barred in accordance with the doctrine of avoidable consequences.

## THIRTEENTH DEFENSE

74. BOG has not suffered any compensable injury legally caused by or as a result of BOH's alleged actions and, as a result, is not entitled to judgment against BOH.

## FOURTEENTH DEFENSE

75. BOG's injuries and/or damages, if any, were proximately caused or contributed to by entities or persons other than BOH and for whom BOH is not responsible or liable.

## FIFTEENTH DEFENSE

76. BOG assumed the risk of damages, if any, it alleges.

## SIXTEENTH DEFENSE

77. BOG's conversion claim is barred because BOH had no independent duty in tort other than the duties created by the contractual terms applicable in conjunction with the parties' agreements pursuant to the ACH Rules.

## SEVENTEENTH DEFENSE

78. BOG failed to mitigate its damages.

## EIGHTEENTH DEFENSE

79. BOG's claims are barred by BOG's negligent, intentional and/or fraudulent misrepresentations or nondisclosures, which are pled with particularity in the attached Counterclaim and incorporated herein by reference.

## NINETEENTH DEFENSE

80. BOG's claims are barred by its material failure to render performance of its duties, which operates as a non-occurrence of a condition precedent to BOH's performance of its duties with respect to the subject transactions.

## TWENTIETH DEFENSE

81. BOH reserves the right to add and assert any further affirmative defense that may be disclosed in discovery.

WHEREFORE, BOH prays for judgment in its favor as follows:

A. That the Court dismiss this action against BOH;

B. That the Court issue declaratory judgment in favor of BOH against BOG;

C. That the Court award BOH its attorneys' fees and costs of suit; and

D. That the Court grant any other relief that the Court deems just and proper.

DATED: Hagåtña, Guam, July 25, 2007.

*[signature]*
KATHERINE G. LEONARD
MEREDITH M. SAYRE
ELYZE J. MCDONALD

Attorneys for Defendant
BANK OF HAWAII

## DECLARATION OF SERVICE

I, Elyze J. McDonald, hereby declare under penalty of perjury of the laws of the United States, that on July 25, 2007, I caused to be served, via hand delivery, a true and correct copy of DEFENDANT BANK OF HAWAII'S ANSWER TO COMPLAINT FOR DAMAGES FILED APRIL 11, 2007 upon Plaintiff's counsel of record as follows:

ANITA P. ARRIOLA, ESQ.
JOAQUIN C. ARRIOLA, ESQ.
MARK E. COWAN, ESQ.
Arriola, Cowan & Arriola
259 Martyr Street, Suite 201
Hagåtña, Guam 96910

Attorneys for Plaintiff
BANK OF GUAM

Executed this 25th day of July, 2007 at Hagåtña, Guam.

_____
ELYZE J. MCDONALD