ANITA P. ARRIOLA
JOAQUIN C. ARRIOLA
MARK E. COWAN
JACQUELINE T. TERLAJE
ARRIOLA, COWAN & ARRIOLA
259 MARTYR STREET, SUITE 201
AGANA, GUAM 96910
Telephone: (671) 477-9731/33
Telecopier: (671) 477-9734

Attorneys for Plaintiff Bank of Guam



FILED
DISTRICT COURT OF GUAM

AUG 1 5 2007

JEANNE G. QUINATA
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE TERRITORY OF GUAM

BANK OF GUAM, )  CIVIL CASE NO. 07-0007
   a Guam banking corporation, )
)
           Plaintiff, )
)
     vs. )
) REPLY TO COUNTERCLAIM
BANK OF HAWAII, )
   a Hawaii banking corporation, )
)
           Defendant. )
_____ )

     Plaintiff and Counter-defendant BANK OF GUAM ("Bank of Guam"), by and through its attorneys, ARRIOLA, COWAN & ARRIOLA, hereby replies to the Bank of Hawaii's ("BOH") Counterclaims filed on July 26, 2007 ("Counterclaim") as follows:

     1.    Bank of Guam admits the allegations in paragraph 1.

     2.    Bank of Guam admits the allegations in paragraph 2.

     3.    Bank of Guam admits that there is a dispute between it and BOH, and that Jale Management Information and Data Services, Inc., dba Information and Data Services ("IDS") was a Bank of Guam and BOH customer. Bank of Guam is without information or knowledge as

to the truth of the remaining allegations in paragraph 3 of the Counterclaim and on that basis denies said allegations.

4. Bank of Guam admits the allegations in paragraph 4.

5. Bank of Guam admits the allegations in paragraph 5.

6. Bank of Guam admits the allegations in paragraph 6.

7. Bank of Guam admits the allegations in paragraph 7.

8. Bank of Guam admits the allegations in paragraph 8.

9. Bank of Guam admits the allegations in paragraph 9.

10. Bank of Guam admits the allegations in paragraph 10.

11. Bank of Guam submits that paragraph 11 does not include any factual allegations susceptible to being admitted or denied. To the extent paragraph 11 references statutes under the United States Code, the statute speaks for itself. Bank of Guam disputes any legal conclusions set forth in paragraph 11.

12. Bank of Guam admits that one or more persons acting for or through IDS used checks and the ACH transactions to draw funds against accounts from Bank of Guam and to make deposits into accounts at Bank of Guam. Bank of Guam is without information or knowledge as to the truth of the remaining allegations in paragraph 12 of the Counterclaim and on that basis denies said allegations.

13. Bank of Guam denies the allegations in paragraph 13.

14. Bank of Guam admits that Josephine Mariano, Vice President and Branch and Central Operations Administrator for Bank of Guam met with Romy Miclat. Bank of Guam is without information or knowledge as to the truth of the remaining allegations in paragraph 14 of

the Counterclaim, particularly the term "unnecessary transfers," and on that basis denies said allegations.

15. Bank of Guam is without information or knowledge as to the truth of the allegations in paragraph 15 of the Counterclaim, particularly, the term "unnecessary transfers," and on that basis denies said allegations.

16. Bank of Guam denies the allegations in paragraph 16.

17. Bank of Guam admits the allegations in paragraph 17.

18. Bank of Guam admits that the IDS Automated Clearing House ("ACH") transactions involved the transfer of funds to IDS's accounts at Bank of Guam from BOH accounts. Bank of Guam is without information or knowledge as to the truth of the remaining allegations in paragraph 18 of the Counterclaim and on that basis denies said allegations.

19. Bank of Guam admits the allegations in paragraph 19.

20. Bank of Guam is without information or knowledge as to the truth of the allegations in paragraph 20 of the Counterclaim and on that basis denies said allegations.

21. Bank of Guam admits the allegations in paragraph 21.

22. Bank of Guam submits that paragraph 22 does not include any factual allegations susceptible to being admitted or denied. To the extent paragraph 22 references the National Automated Clearing House Association ("NACHA") rules and regulations, the rules speak for themselves. Bank of Guam denies any legal conclusions set forth in paragraph 22.

23. Bank of Guam submits that paragraph 23 does not include any factual allegations susceptible to being admitted or denied. To the extent paragraph 23 references NACHA rules and regulations, the rules speak for themselves. Bank of Guam denies any legal conclusions set forth in paragraph 23.

24. Bank of Guam submits that paragraph 24 does not include any factual allegations susceptible to being admitted or denied. To the extent paragraph 24 references NACHA rules and regulations, the rules speak for themselves. Bank of Guam denies any legal conclusions set forth in paragraph 24.

25. Bank of Guam admits that it was the Originating Depository Financial Institution ("ODFI") for the transactions identified in paragraph 17 of the Counterclaim, and BOH was the Receiving Depository Financial Institution, as defined by NACHA. Bank of Guam is without information or knowledge as to the truth of the remaining allegations in paragraph 25, particularly as it relates to "ACH transactions" and on that basis denies said allegations. Bank of Guam denies any legal conclusions set forth in paragraph 25.

26. Bank of Guam denies that it breached any warranties under NACHA. Bank of Guam submits that the remaining allegations of paragraph 26 do not include any factual allegations susceptible to being admitted or denied. Bank of Guam denies any legal conclusions set forth in paragraph 26.

27. Bank of Guam denies that the NACHA regulatory scheme is "intended to place the risk of an Originator's unlawful business practices squarely upon the ODFI." To the extent paragraph 27 references NACHA Operating Guidelines, the guidelines speak for themselves. Bank of Guam submits that the remaining allegations of paragraph 27 do not include any factual allegations susceptible to being admitted or denied. Bank of Guam denies any legal conclusions set forth in paragraph 27.

28. Bank of Guam submits that paragraph 28 does not include any factual allegations susceptible to being admitted or denied. To the extent paragraph 28 references NACHA rules

and regulations, the rules speak for themselves. Bank of Guam denies any legal conclusions set forth in paragraph 28.

29.     Bank of Guam submits that paragraph 29 does not include any factual allegations susceptible to being admitted or denied. To the extent paragraph 29 references NACHA rules and regulations, the rules speak for themselves. Bank of Guam denies any legal conclusions set forth in paragraph 29.

30.     Bank of Guam submits that paragraph 30 does not include any factual allegations susceptible to being admitted or denied. To the extent paragraph 30 references NACHA rules and regulations, the rules speak for themselves. Bank of Guam denies any legal conclusions set forth in paragraph 30. Bank of Guam is without sufficient information or knowledge as to the remaining allegations of paragraph 30 of the Counterclaim, particularly the phrase, "for each ACH entry it transmitted" and on that basis denies said allegations.

31.     Bank of Guam submits that paragraph 31 does not include any factual allegations susceptible to being admitted or denied. To the extent paragraph 31 references NACHA rules and regulations, the rules speak for themselves. Bank of Guam denies any legal conclusions set forth in paragraph 31. Bank of Guam is without sufficient information or knowledge as to the remaining allegations in paragraph 31 of the Counterclaim, particularly the term "the subject entries" and on that basis denies said allegations.

32.     Bank of Guam denies the allegations in paragraph 32.

33.     Bank of Guam denies the allegations in paragraph 33.

34.     Bank of Guam admits that on October 5, 2006, Josephine Mariano, Vice President of Bank of Guam, met with IDS officials to discuss checks written by IDS. Bank of Guam denies the remaining allegations of paragraph 34.

5

35. Bank of Guam admits that on October 5, 2006, Romy Miclat made a statement to Bank of Guam officials that he had used millions of dollars of IDS funds to finance other businesses. Bank of Guam denies the remaining allegations of paragraph 35.

36. Bank of Guam admits the allegations of paragraph 36.

37. Bank of Guam denies the allegations of paragraph 37.

38. Bank of Guam admits the allegations of paragraph 38.

39. Bank of Guam is without information or knowledge as to the truth of the remaining allegations in paragraph 39 of the Counterclaim and on that basis denies said allegations.

40. Bank of Guam is without information or knowledge as to the truth of the remaining allegations in paragraph 40 of the Counterclaim and on that basis denies said allegations.

41. Bank of Guam denies the allegations of paragraph 41.

42. Bank of Guam admits that BOH used an affidavit of an officer of BOH to support its return of the entries identified in paragraph 17 of the Counterclaim. Bank of Guam is without information or knowledge as to the truth of the remaining allegations in paragraph 42 of the Counterclaim and on that basis denies said allegations.

43. Bank of Guam admits that the affidavit purports to describe an October 12, 2006 interview of Teofista F. Dulay, IDS Controller from June 1, 1999 to October 9, 2006, at the office of the Federal Bureau of Investigation ("FBI"). Bank of Guam is without information or knowledge as to the truth of the remaining allegations in paragraph 43 and on that basis denies said allegations.

44.     Bank of Guam admits that the affidavit purports to record statements made by Teofista F. Dulay on October 12, 2006. Bank of Guam is without information or knowledge as to the truth of the remaining allegations in paragraph 44 of the Counterclaim and on that basis denies said allegations.

45.     Bank of Guam admits that the affidavit purports to record statements made by Teofista F. Dulay on October 12, 2006. Bank of Guam is without information or knowledge as to the truth of the remaining allegations in paragraph 45 of the Counterclaim and on that basis denies said allegations.

46.     Bank of Guam admits that FBI Special Agent Kenneth Kloche executed a sworn statement on March 27, 2007, purporting to record statements made by Josephine Mariano. Bank of Guam denies all remaining allegations in paragraph 46 of the Counterclaim.

47.     Bank of Guam admits the allegations of paragraph 47.

48.     Bank of Guam admits that BOH fraudulently and in violation of NACHA rules used the ACH system to take $2,273,905.59 from Bank of Guam.

49.     Bank of Guam is without information or knowledge as to the truth of the remaining allegations in paragraph 49 of the Counterclaim and on that basis denies said allegations.

50.     Bank of Guam denies the allegations of paragraph 50.

51.     Bank of Guam denies the allegations of paragraph 51.

52.     Bank of Guam submits that paragraph 52 does not include any factual allegations susceptible to being admitted or denied. To the extent paragraph 52 references NACHA rules and regulations, the rules speak for themselves. Bank of Guam denies any legal conclusions set forth in paragraph 52.

53. Bank of Guam submits that paragraph 53 does not include any factual allegations susceptible to being admitted or denied. To the extent paragraph 53 references NACHA rules and regulations, the rules speak for themselves. Bank of Guam denies any legal conclusions set forth in paragraph 53.

54. Bank of Guam denies the allegations of paragraph 54.

55. Upon information and belief, Bank of Guam admits that IDS performed payroll and tax-withholding services for DeWitt Transportation Services of Guam, Inc.

56. Bank of Guam admits the allegations of paragraph 56.

57. Bank of Guam admits the allegations of paragraph 57.

58. Bank of Guam denies the allegations of paragraph 58.

59. Bank of Guam denies the allegations of paragraph 59.

60. Bank of Guam is without information or knowledge as to the truth of the allegations in paragraph 60 of the Counterclaim and on that basis denies said allegations.

61. Bank of Guam is without information or knowledge as to the truth of the allegations in paragraph 61 of the Counterclaim and on that basis denies said allegations.

62. Bank of Guam is without information or knowledge as to the truth of the allegations in paragraph 62 of the Counterclaim and on that basis denies said allegations.

63. Bank of Guam admits that on October 4, 2006, Bank of Guam originated an ACH transaction on behalf of IDS totaling $17,362.03, and that BOH returned the entry on October 20, 2006. Bank of Guam is without information or knowledge as to the truth of the remaining allegations in paragraph 63 of the Counterclaim and on that basis denies said allegations.

64. Bank of Guam admits the allegations of paragraph 64.

65. Upon information and belief, Bank of Guam admits that IDS performed payroll and tax-withholding services for Davinci-RP Operting Lesee, Inc. dba Hilton Guam Resort and Spa ("GHH").

66. Bank of Guam admits the allegations of paragraph 66.

67. Bank of Guam admits that IDS originated three ACH transactions, totaling $92,250.56 through Bank of Guam as the ODFI, debiting GHH's account at BOH.

68. Bank of Guam denies the allegations of paragraph 68.

69. Bank of Guam denies the allegations of paragraph 69.

70. Bank of Guam admits on October 27, 2006, GHH executed a written statement purporting to revoke IDS authorization to debit GHH's accounts at BOH, as of October 10, 2006.

71. Bank of Guam admits that on October 5, 2006, IDS originated ACH transactions through Bank of Guam as the ODFI totaling $92,250.56, and that BOH returned the entries on October 30, 2006. Bank of Guam is without information or knowledge as to the truth of the remaining allegations in paragraph 71 and on that basis denies said allegations.

72. Bank of Guam admits the allegations of paragraph 72.

73. Bank of Guam admits the allegations of paragraph 73.

74. Bank of Guam admits that in its Reports of Possible Rules Violations dated December 1, 2006, Bank of Guam stated that BOH was not entitled to the return of the transactions identified in paragraph 67. Bank of Guam denies the remaining allegations of paragraph 74.

75. Bank of Guam denies the allegations of paragraph 75.

76. Bank of Guam admits that on March 26, 2007, the NACHA panel determined that BOH had violated the NACHA rules. Bank of Guam denies the remaining allegations of paragraph 76.

77. Bank of Guam is without information or knowledge as to the truth of the remaining allegations in paragraph 77 of the Counterclaim and on that basis denies said allegations.

78. Bank of Guam denies the allegations of paragraph 78.

79. The Bank of Guam repeats and realleges its answers contained in paragraphs 1 through 78 as if fully set forth herein.

80. The Bank of Guam repeats and realleges its answers contained in paragraphs 28 through 31 as if fully set forth herein.

81. Bank of Guam denies the allegations of paragraph 81.

82. Bank of Guam denies the allegations of paragraph 82.

83. Bank of Guam denies the allegations of paragraph 83.

84. Bank of Guam denies the allegations of paragraph 84.

85. The Bank of Guam repeats and realleges its answers contained in paragraphs 1 through 84 as if fully set forth herein.

86. The Bank of Guam repeats and realleges its answers contained in paragraphs 28 through 31 as if fully set forth herein.

87. Bank of Guam denies the allegations of paragraph 87.

88. Bank of Guam denies the allegations of paragraph 88.

89. Bank of Guam denies the allegations of paragraph 89.

90. Bank of Guam denies the allegations of paragraph 90.

91. The Bank of Guam repeats and realleges its answers contained in paragraphs 1 through 90 as if fully set forth herein.

92. The Bank of Guam repeats and realleges its answers contained in paragraphs 28 through 31 as if fully set forth herein.

93. Bank of Guam denies the allegations of paragraph 93.

94. Bank of Guam denies the allegations of paragraph 94.

95. Bank of Guam denies the allegations of paragraph 95.

96. Bank of Guam denies the allegations of paragraph 96.

97. The Bank of Guam repeats and realleges its answers contained in paragraphs 1 through 96 as if fully set forth herein.

98. Bank of Guam admits the allegations of paragraph 98.

99. Bank of Guam repeats and realleges its answers contained in paragraphs 22 through 26 as if fully set forth herein.

100. Bank of Guam denies the allegations of paragraph 100.

101. Bank of Guam denies the allegations of paragraph 101.

102. Bank of Guam denies the allegations of paragraph 102.

103. Bank of Guam denies the allegations of paragraph 103.

104. The Bank of Guam repeats and realleges its answers contained in paragraphs 1-103 as if fully set forth herein.

105. Bank of Guam admits the allegations in paragraph 105.

106. Bank of Guam repeats and realleges its answers contained in paragraphs 22 through 26 as if fully set forth herein.

107. Bank of Guam denies the allegations of paragraph 107.

108. Bank of Guam denies the allegations of paragraph 108.

109. Bank of Guam denies the allegations of paragraph 109.

110. Bank of Guam denies the allegations of paragraph 110.

111. The Bank of Guam repeats and realleges its answers contained in paragraphs 1-110 as if fully set forth herein.

112. Bank of Guam admits the allegations contained in paragraph 112.

113. Bank of Guam repeats and realleges its answers contained in paragraphs 22 through 26 as if fully set forth herein.

114. Bank of Guam denies the allegations of paragraph 114.

115. Bank of Guam denies the allegations of paragraph 115.

116. Bank of Guam denies the allegations of paragraph 116.

117. Bank of Guam denies the allegations of paragraph 117.

118. The Bank of Guam repeats and realleges its answers contained in paragraphs 1-117 as if fully set forth herein.

119. Bank of Guam denies the allegations of paragraph 119.

120. Bank of Guam denies the allegations of paragraph 120.

121. Bank of Guam denies the allegations of paragraph 121.

122. Bank of Guam denies the allegations of paragraph 122.

123. Bank of Guam repeats and realleges its answers contained in paragraphs 1 – 122 as if fully set forth herein.

124. Bank of Guam denies the allegations of paragraph 124.

125. Bank of Guam denies the allegations of paragraph 125.

126. Bank of Guam denies the allegations of paragraph 126.

127. Bank of Guam denies the allegations of paragraph 127.

128. Bank of Guam repeats and realleges its answers contained in paragraphs 1 – 127 as if fully set forth herein.

129. Bank of Guam denies the allegations of paragraph 129.

130. Bank of Guam denies the allegations of paragraph 130.

131. Bank of Guam denies the allegations of paragraph 131.

132. Bank of Guam denies the allegations of paragraph 132.

133. Bank of Guam repeats and realleges its answers contained in paragraphs 1 – 132 as if fully set forth herein.

134. Bank of Guam denies the allegations of paragraph 134.

135. Bank of Guam denies the allegations of paragraph 135.

136. Bank of Guam denies the allegations of paragraph 136.

137. Bank of Guam denies the allegations of paragraph 137.

138. Bank of Guam denies the allegations of paragraph 138.

139. Bank of Guam repeats and realleges its answers contained in paragraphs 1 – 138 as if fully set forth herein.

140. Bank of Guam denies the allegations of paragraph 140.

141. Bank of Guam denies the allegations of paragraph 141.

142. Bank of Guam denies the allegations of paragraph 142.

143. Bank of Guam denies the allegations of paragraph 143.

144. Bank of Guam denies the allegations of paragraph 144.

145. Bank of Guam repeats and realleges its answers contained in paragraphs 1 – 144 as if fully set forth herein.

146. Bank of Guam denies the allegations of paragraph 146.

147. Bank of Guam denies the allegations of paragraph 147.

148. Bank of Guam denies the allegations of paragraph 148.

149. Bank of Guam denies the allegations of paragraph 149.

150. Bank of Guam denies the allegations of paragraph 150.

151. Bank of Guam repeats and realleges its answers contained in paragraphs 1 – 150 as if fully set forth herein.

152. Bank of Guam denies the allegations of paragraph 152.

153. Bank of Guam denies the allegations of paragraph 153.

154. Bank of Guam denies the allegations of paragraph 154.

155. The Bank denies each and every allegation of the Counterclaim not specifically admitted herein.

**AFFIRMATIVE DEFENSES**

As and as for its affirmative defenses, the Bank of Guam alleges as follows:

1. The Counterclaim and each cause of action alleged therein fails to state a claim upon which relief may be granted.

2. BOH's counterclaims are barred, in whole or in part, due to BOH's own inequitable conduct and unclean hands.

3. BOH's damages, if any, were caused and/or contributed to by the intervening, superseding, intentional, and/or negligent acts, of persons or entities other than the Bank of Guam, including BOH. The actions and/or inactions of BOH were active and primary in causing any damages alleged by BOH.

14

4. If there has been any event entitling plaintiffs to relief against the Bank as pleaded in the Counterclaim, which Bank of Guam denies, BOH has waived any claims against Bank of Guam that it might otherwise have.

5. BOH's Counterclaim is barred by the doctrine of estoppel.

6. BOH is barred from obtaining any relief as pleaded in the Counterclaim because of BOH's failure to take reasonable, necessary, appropriate, and feasible steps to mitigate its damages, if any.

7. BOG is not liable to BOH because BOH failed to comply with all of the terms and conditions of the contract upon which BOH's Counterclaim is based.

8. BOH is barred from obtaining any relief as pleaded in the Counterclaim because of BOH's failure to take reasonable, necessary, appropriate, and feasible steps to mitigate its damages, if any, as permitted under NACHA.

9. BOH is not entitled to any damages under the causes of action pled in the Counterclaim and, therefore, the Counterclaim must be dismissed in its entirety.

10. BOH's injuries and/or damages, if any, were proximately caused or contributed to by entities or persons other than Bank of Guam.

11. The NACHA rules provide for the settlement of disputes arising under the rules by arbitration and/or by the filing of Reports of Violations with NACHA. BOH failed to exhaust its administrative remedies.

12. BOH'S Counterclaim is barred because BOH assumed the risk of loss.

13. Under NACHA Rule 1.1, BOH as a participating Depository Financial Institution expressly agreed to be bound by NACHA, and its material breaches of the NACHA rules and regulations excuses any breach of warranty by BOG.

14. Bank of Guam's alleged breach of warranty, if any, is excused by BOH's preceding breach of its express and implied warranties to Bank of Guam.

15. Under NACHA 4.2, BOH as a Receiving Depository Financial Institution expressly or impliedly agreed that in the event of the breach of any the warranties, it "shall indemnify each ODFI, ACH Operator, and Association from and against an and all claim, demand, loss, liability, or expense, including attorneys' fees, and costs, resulting directly or indirectly from the breach of warranty."

16. Bank of Guam's actions were privileged under the banker's privilege.

17. BOH's Counterclaim is barred by the doctrines of impossibility, impracticability, and frustration.

18. Bank of Guam reserves the right to assert any further affirmative defenses that may be disclosed in discovery.

WHEREFORE, defendant Bank of Guam prays as follows:

1. That the Counterclaim be dismissed with prejudice and that defendant/counterclaimant take nothing thereby;

2. That the Bank of Guam is awarded attorney's fees and costs of suit; and

3. That the Bank of Guam recover such other and further relief as this Court deems just and proper even though not requested herein.

Dated this 15th day of August, 2007.

ARRIOLA, COWAN & ARRIOLA
Attorneys for Defendant Bank of Guam

By: *[signature]*
ANITA P. ARRIOLA