|  |  |
|---|---|
| BANK OF HAWAII, a Hawaii banking corporation,<br><br>   Counterclaimant,<br><br>vs.<br><br>BANK OF GUAM, a Guam banking corporation,<br><br>   Counterclaim-Defendant. | **FILED**<br>DISTRICT COURT OF GUAM<br><br>OCT 15 2007<br><br>JEANNE G. QUINATA<br>Clerk of Court |

### STIPULATED PROTECTIVE ORDER

WHEREAS, on April 11, 2007, Bank of Guam ("BOG") filed a Complaint in the above-captioned proceeding (the "Lawsuit");

WHEREAS, on July 26, 2007, Bank of Hawaii ("BOH") filed an Answer and a Counterclaim in the Lawsuit;

WHEREAS, certain of the documents and information to be produced in connection with the Lawsuit may contain highly sensitive, confidential, proprietary, financial, research, development or commercial information and/or trade secrets; and

WHEREAS, BOG and BOH, through their respective counsel, expressly acknowledge that they have negotiated and agreed to the terms of this Stipulated Protective Order set forth below.

NOW, THEREFORE, IT IS HEREBY ORDERED as follows:

1. This Stipulated Protective Order governs all material, information and documents ("Discovery Material") produced or provided by any person (a "Producing Party") (whether such person is a party or non-party) in the course of the above-captioned matter. Discovery Material shall have the meaning for the "document," as provided in Rule 34(a) of the Federal Rules of Civil Procedure and shall include, but not be limited to, handwriting,

–2–

typewriting, printing, photocopying, photographing, electronically stored information, and every other means of recording upon any tangible thing, any form of communication or representation, including letters, words, pictures, sounds, sound recordings, or symbols, or combinations thereof, and any written, recorded, or graphic matter however produced or reproduced, including, but not limited to, documents stored in or retrievable by computer, memoranda, reports, studies, analyses, contracts, agreements, checks, drawings, charts, graphs, indices, data sheets, computer disks, data processing cards or tapes, notes, post-its, work papers, entries, letters, telegrams, telecopies (including facsimiles), internal memoranda, advertisements, brochures, circulars, catalogs, tapes, records, bulletins, papers, books, pamphlets, accounts, calendars, diaries, electronic mail (or "e-mail"), instant messaging, text messaging, and other data or data compilations stored in any medium from which information can be obtained. Discovery Material shall also include any carbon or photographic or any other copies, reproductions, or facsimiles of any original, and shall mean the original and any copy or reproduction or facsimile that is in any way different from the original.

2. The Producing Party may designate as Confidential any Discovery Material produced or disclosed with respect to the Lawsuit that contains sensitive proprietary, financial, research, development, commercial or personal information and/or trade secrets (the "Confidential Information"), including significant technical or business matters, security-related information, and information subject to regulatory and/or statutory protection, provided that (a) such designation meets the requirements of Federal Rules of Civil Procedure Rule 26(c), and (b) the Producing Party shall determine, in good faith and in advance of production, that such documents are in fact confidential. Nothing shall be regarded as "Confidential" if it is in the

public domain at the time of disclosure or becomes part of the public domain through no fault of either party, as evidenced by a written document.

3. "Confidential Information," as used herein, means any information of any type, kind or character which is designated as Confidential by a Producing Party whether it be Discovery Material, information revealed during a deposition, information revealed in an interrogatory answer or admission or otherwise. In designating information as "Confidential," a Producing Party will make such designation only as to that information that it, in good faith, believes contains Confidential Information, as set out in paragraph 2. A "Receiving Party" is any person receiving Confidential Information.

4. Confidential Information shall be used only to prepare for and conduct the Lawsuit, including in this or any jurisdiction, any appeal, retrial or proceeding to enforce any judgment or order herein. Confidential Information shall be produced only to:

    a. The Court, including Court personnel;

    b. any interpreter, translator, court reporter, videographer or other person who translates, transcribes or records depositions or trial testimony in connection with the Lawsuit;

    c. The parties' respective attorneys of record in this proceeding, employees of such attorneys, and any outside support services used to assist the parties in connection with the Lawsuit;

    d. The parties, including in-house counsel and such officers or employees of each party as the party reasonably, and in good faith, believes may be necessary or desirable to the preparation for and conduct of the Lawsuit;

—4—

e. Actual or potential independent experts or technical consultants, who, prior to any disclosure of Confidential Information to them, shall agree to be bound by the terms of this Stipulated Protective Order and shall sign a document so stating;

f. All potential or actual deposition or trial witnesses in this Lawsuit not otherwise identified above, including the counsel or other representative of such witnesses, to the extent the Confidential Information is reasonably believed or expected to relate to the witness's testimony and provided that the Producing Party receive advance notice of such disclosures no less than three (3) business days prior to such disclosure;

g. Any person to whom the Producing Party consents in writing; and

h. Any other person permitted by the Court, on such terms as the Court deems proper.

5. The party disclosing or making available the Confidential Information pursuant to paragraph 4 above shall take such steps as may reasonably be necessary to inform the persons described in paragraphs 4.b. through 4.f. above that such material is Confidential Information pursuant to, and is protected by, this Stipulated Protective Order. In addition, the party disclosing or making available the Confidential Information to the persons described in paragraph 4.e. or 4.f. above shall, in addition to complying with paragraph 4.e. above, obtain such person's written agreement in the form annexed hereto as Exhibit A and shall forward such agreement to the Producing Party prior to any disclosure of such information. All persons to whom Confidential Information is disclosed by a party shall be bound and subject to this Stipulated Protective Order. If a party objects to disclosure of Confidential Information to a person described in paragraph 4.e. or 4.f., such party shall comply with the dispute resolution provisions of paragraph 11 of this Stipulated Protective Order.

–3–

6. All Confidential Information produced or exchanged in the course of the litigation of this Lawsuit shall be used solely for purposes of such litigation and for no other purpose whatsoever, and shall not be disclosed to any person except in accordance with the terms hereof; provided, however, that this Stipulated Protective Order shall not prohibit the Producing Party from making use of its own Confidential Information.

7. Documents produced in this proceeding may be designated by any party as Confidential by marking each page of the documents so designated with a stamp stating Confidential. In lieu of marking the original of a document, if the original is not produced, the Producing Party may mark the copies that are produced or exchanged. Originals shall be preserved for inspection.

8. Information disclosed (a) at the deposition or trial testimony of a party's present or former officers, directors, employees, or agents or of independent experts retained by counsel for purposes of the litigation of this proceeding, or (b) at the deposition or trial testimony of a third party may be designated by any party or by such third party as Confidential by indicating on the record at the deposition that the testimony is Confidential and is subject to the provisions of this Order.

9. Any party or deposed third party may also designate information disclosed at such deposition or trial testimony as Confidential by notifying all of the parties in writing within fourteen (14) days of receipt of the transcript, of the specific pages and lines of the transcript which should be treated as Confidential thereafter. Each party shall attach a copy of such written notice or notices to the face of the transcript and each copy thereof in his possession, custody or control. All deposition transcripts shall be treated as Confidential for a period of fourteen (14) days after the receipt of the transcript. To the extent possible, the court

—5—

reporter shall segregate into separate transcripts information designated as Confidential from the main transcript. The separate transcript containing Confidential Information shall have page numbers that correspond to the blank pages in the main transcript.

10. Discovery Material inadvertently produced after the entry of this Stipulated Protective Order without having been designated Confidential may be retroactively designated in the same manner and shall be treated as so designated from the date written notice of the designation is provided to the Receiving Party, provided that a Receiving Party shall not be subject to any sanctions related to actions taken more than fourteen (14) days after the production and prior to the Confidential designation.

11. If the Receiving Party believes that the designation of particular information as Confidential by the Producing Party is not proper or reasonable, the Receiving Party shall give notice of such within fourteen (14) days of the Producing Party's designation of such information as Confidential. Such notice shall specify the information as to which the Receiving Party objects to the designation and shall concisely state the basis for the objection. The parties shall then promptly seek to resolve such objection in good faith, on an informal basis, such as by the production of redacted copies of documents by the Producing Party. The Producing Party shall have ten (10) days from receipt of the Receiving Party's objection to make a motion before the Court seeking confirmation of the Confidential designation challenged by the objection, and the designated status shall remain (and the receiving party shall treat the information accordingly) until the Court has issued an Order to the contrary.

12. The parties may, by stipulation, provide for exceptions to this Stipulated Protective Order and any party may seek an Order of this Court modifying this Stipulated Protective Order.

13. In the event a party wishes to use any Confidential Information in any affidavits, briefs, memoranda of law, or other papers filed in this proceeding, such Confidential Information used therein shall be filed under seal with the Clerk of this Court.

14. The Clerk of this Court is directed to maintain under seal all transcripts of deposition testimony, answers to interrogatories, admissions, pleadings, and other documents filed under seal in this proceeding which have been designated, in whole or in part, as Confidential Information.

15. Unless otherwise agreed to in writing by the parties or ordered by this Court, all aspects of the Lawsuit involving or relating to Discovery Material or any other information shall be subject to the provisions of this Stipulated Protective Order.

16. Except as this Court may otherwise Order or to the extent such information was admitted - unsealed - into evidence at the trial of this proceeding, within sixty (60) days after final termination of this proceeding, whether by appeal or otherwise, counsel for the Receiving Party shall, at the option of the Producing Party, either return to counsel for the Producing Party all documents, including all reproductions thereof, that contain Confidential Information, or destroy such documents and reproductions and certify their destruction to counsel for the Producing Party. To the extent a Protective Order entered in this proceeding restricts the communication and use of Confidential Information or the use of Discovery Material produced thereunder, such Order shall continue to be binding after the termination of this proceeding, except as follows: (a) there shall be no restriction on Discovery Material that are used as exhibits in Court unless such exhibits were filed, or admitted into evidence, under seal; and (b) a party may seek the written permission of the Producing Party or an Order of this Court with respect to dissolution or modification of any such Protective Order.

-8-

17. This Order shall not bar any attorney of record in this proceeding from conveying in a general way to his or her client herein an evaluation of Confidential Information produced or exchanged herein; provided, however, that in so communicating with his or her client, the attorney shall not disclose the specific contents of any Confidential Information produced by the other party, which disclosure would be contrary to the terms of this Stipulated Protective Order.

18. The entry of this Stipulated Protective Order shall not be deemed a waiver of any right to object to the furnishing of information in response to discovery or to object to a requested inspection of documents, things, or facilities, and shall not relieve any party or third party of the obligation of producing information in the course of discovery or otherwise complying with their obligations under the Federal Rules of Civil Procedure or the Local Rules of this Court.

19. Entering into, agreeing to, producing or receiving material under, or otherwise complying with the terms of this Stipulated Protective Order shall not be deemed an admission by any party or third party that any particular material contains and/or reflects Confidential Information.

20. If any person or entity in any other proceeding ("Requesting Party") serves on a Receiving Party or other person identified in paragraph 4 above (each a "Subpoenaed Party") a governmental demand (e.g. subpoena or document request) for Confidential Information, the Subpoenaed Party shall immediately provide written and electronic (by means of email and facsimile) notice of any such subpoena or request to the Producing Party and shall notify the Requesting Party that such materials are covered by this Stipulated Protective Order. If the Producing Party objects to the disclosure of the requested Confidential Information, the

—9—

Producing Party shall provide the Subpoenaed Party with notice of its objection to disclosure within ten (10) days of receiving notice of such demand, but no less than two (2) business days prior to the date for compliance under the governmental demand. (If the Producing Party has itself received less than two (2) business days' notice of such governmental demand, then the Producing Party shall provide the Subpoenaed Party with notice of its objection to disclosure as promptly as possible prior to the time for the Subpoenaed Party's compliance with the governmental demand.) If timely notice of objection is not received from the Producing Party, then the Subpoenaed Party shall be free to make the disclosure. If timely notice of objection is provided by the Producing Party, then the Producing Party shall have the burden of moving or responding to any appropriate demands for relief. In the event of timely objection by the Producing Party, the Subpoenaed Party shall not make any disclosure until directed to do so by the applicable court or other valid order. If the Subpoenaed Party is legally compelled to disclose Confidential Information to a Requesting Party, disclosure shall be limited to those materials it reasonably believes it is legally required to disclose.

21. Nothing in this Stipulated Protective Order shall require any party or third party to produce documents or materials or provide testimony that contains sensitive, confidential and/or proprietary information protected by any privilege, including but not limited to the attorney-client privilege, work-product privilege, joint interest privilege or any other privilege recognized by federal or state law.

22. No production of or permission to inspect and copy information produced, including any inadvertent production, nor the confidential designation and treatment of such information pursuant to this Stipulated Protective Order, is intended as nor shall it be a waiver in any way of any privilege, protection, or claim of confidentiality, privacy, or trade secret. The

—10—

parties expressly reserve any and all such privileges, protections or claims. The parties agree not to assert, either as between the parties or in matters involving third parties, that any such production or permission to inspect constitutes any such waiver of any applicable privileges, protections or claims.

23. To the fullest extent permitted by the Federal Rules of Civil Procedure and other governing law, no production of or permission to inspect and copy Confidential Information produced pursuant to discovery requests issued by one party to another party or discovery requests by a party to third parties, including any inadvertent production, nor the confidential designation, treatment and use of such information pursuant to this Stipulated Protective Order, is intended as nor shall it be an acknowledgement of, or a waiver in any way of any privilege, protection, or claim of confidentiality, privacy or trade secret, or any waiver of any objection to, the reasonableness, burden, discoverability, relevancy or admissibility, of any document or thing or information contained therein, or in other ways the appropriateness of any requests, and the parties reserve all rights to raise such objections.

24. In the event that there may be an inadvertent or unintentional disclosure of documents protected by the attorney-client privilege, attorney work product doctrine or other applicable privileges, such inadvertent disclosure or production shall not be deemed a waiver in whole or in part of the party's claim of such privilege, either as to the specific information disclosed or as to any other information relating thereto on the same or related subject matter. Any inadvertently or unintentionally disclosed material shall be returned to the Producing Party immediately upon the party's demand. Neither party to this Stipulated Protected Order will argue that such inadvertent and unintentional disclosure by the other party to this Stipulated Protective Order constitutes a waiver of any applicable privilege. To the fullest extent permitted

-11-

by the Federal Rules of Civil Procedure and other governing law, no such inadvertent and unintentional disclosure by any Producing Party shall constitute a waiver of any applicable privilege. Notwithstanding the foregoing, each party reserves its right to contest any Producing Party's privilege or attorney work product designation.

   IT IS SO STIPULATED.

DATED: Hagåtña, Guam, _____Oct. 12, 2007_____.

_____*Anita P. Arriola*_____
ANITA P. ARRIOLA
Attorney for Plaintiff
BANK OF GUAM

_____*Elyze McDonald*_____
ELYZE McDONALD
Attorney for Defendant
BANK OF HAWAII

APPROVED AND SO ORDERED:

_____*Alex R. Munson*_____
HONORABLE ALEX R. MUNSON
Designated Judge, District Court of Guam

RECEIVED
OCT 12 2007
DISTRICT COURT OF GUAM
HAGATNA, GUAM

4828-6279-1241.3.010035-02707     -12-

## EXHIBIT "A"

## AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER

I, _____ (print or type name), am employed by _____. I hereby acknowledge that I have received a copy of the STIPULATED PROTECTIVE ORDER entered in Civil Case No. 07-00007, pending in the United States District Court for the Territory of Guam entitled *Bank of Guam vs. Bank of Hawaii*, and understand the limitations it imposes on the use and disclosure of information designated as "CONFIDENTIAL". I agree to be bound by all of the terms of such Stipulated Protective Order.

Dated: _____

_____

—13—